UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTINAUSTIN DIVISION

| | |
|---|---|
| LAYLA BRAZWELL,<br>*Plaintiff*<br><br>v.<br><br>BAYLOR SCOTT & WHITE HEALTH,<br>*Defendant* | §<br>§<br>§<br>§   No. 1:24-CV-01021-DAE<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Layla Brazwell's motion to amend her complaint, Dkt. 8, and all related briefing, which the District Judge referred to the undersigned for a report and recommendation. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge grant the motion.

## I.   BACKGROUND

Brazwell filed this employment-discrimination lawsuit based on Defendant Baylor Scott & White's ("BSW") allegedly unlawful termination of her employment. *See* Dkt. 1. BSW reached out to rehire Brazwell after the resolution of a lawsuit in which she had challenged her previous termination from BSW as discriminatory and retaliatory based on her race and disability. *Id.* at 2-3. During the rehiring process, Brazwell asked multiple times for BSW to confirm that she was re-hirable despite the previous lawsuit. *Id.* at 3. After BSW confirmed that it could rehire Brazwell, she

1

once again began working for BSW. *Id.* A couple of months later, Brazwell began seeing her old supervisor at her work location, and BSW ultimately terminated Brazwell's employment since "she knew that she was not supposed to apply for work with BSW." *Id.* at 4. Brazwell alleges that she was terminated based on her participation in a prior lawsuit against BSW and now brings claims for retaliation in violation of the American with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, and the Texas Commission on Human Rights. *Id.* at 4-6.

BSW moved to dismiss Brazwell's complaint, arguing that her allegations of retaliation are conclusory and challenging whether she has adequately pleaded a causal connection between her previous lawsuit and current termination—especially considering BSW's "intervening nice treatment" of her. Dkt. 5, at 5-8. In response, Brazwell moved to amend her complaint to add further information regarding her former supervisor's "intimidating manner" towards Brazwell and "conduct and participation" in her termination. Dkts. 6, at 2-3; 8-1, at 3-4. BSW opposes Brazwell's proposed amendment as futile. Dkt. 10, at 1.

## II.   DISCUSSION

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Here, Brazwell filed her motion to amend her

complaint within 21 days of BSW's motion to dismiss, and BSW has not yet filed an answer to Brazwell's complaint. Dkts. 5 (filed September 24, 2024); 8 (filed October 11, 2024). Under the plain language of Rule 15, then, Brazwell amended her complaint "as a matter of course" within "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). As such, Brazwell's amended complaint may be filed without BSW's consent or leave of the Court. *See id.*; *see also Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("The Defendants' Rule 12(b)(6) and 12(e) motion was filed on May 22, 2013. Rule 15(a)(1)(B) allowed the Plaintiff to amend once within twenty-one days after service of that motion."). The undersigned recommends that the District Judge grant Brazwell's motion for leave to amend her complaint.

## III.   RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Brazwell's motion to amend, Dkt. 8.

The referral to the Magistrate Judge should now be canceled.

## IV.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed

findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 4, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE